E-FILED
Wednesday, 04 November, 2026 08:36:40 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **ANDREW THOMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 26-cv-1478** |
| | ) | |
| **KEVIN MCCLANAHAN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

The matter comes before the Court for ruling on Plaintiff Andrew Thompson's motion for leave to proceed *in forma pauperis* ("IFP"). (D. 2 ). The filing of the IFP application creates an obligation on the part of the Court to screen the merits of the Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (plausible claim standard); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening required).

The Court DISMISSES Plaintiff's action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and under 28 U.S.C. § 1915(e)(2)(B)(i) as it is malicious. Plaintiff's one-page complaint does not identify any cause of action, providing the following conclusory statements: "Defendant used authority to avoid traffic tickets. Such unacceptable behavior should not be treated lightly." (D. 1). This is not sufficient to state a claim to relief. While a complaint does not need "detailed factual allegations," it does need enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must provide "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Plaintiff's complaint provides no details at all, including who Defendants are, or what relationship they have to Plaintiff and the Central District of Illinois.

This is another example of the "ghost cases" that have recently plagued district courts. They are complaints that seem to be entirely fictitious. Sometimes the address where the plaintiff allegedly lives does not exist; always, documents sent to the plaintiffs' purported addresses are returned "undeliverable." Here, Plaintiff claims to be living in Augusta, Georgia. None of the parties in these cases are ever identified, nor is there ever an apparent connection to the district court where it is filed. A search of "Andrew Thompson" on PACER shows he filed the same complaint this week in the Eastern District of Missouri, the Middle District of North Carolina, and the District of New Hampshire. Moreover, while the named plaintiff varies, most of these cases reuse the same names for the defendants. *See Conway v. McClanahan, et al,* Case No. 26-cv-1372; *Smith v. Adams*, Case No. 26-cv-1372; *Washington v. Fang*, Case No. 26-cv-1405; *Chavez v. Fang*, Case No. 26-1458, *Garcia v. Wilson*, Case No. 26-1302; etc. As a result, this Court concludes that this suit is malicious and intended to harass rather than to legitimately seek relief. Although dismissal is a severe sanction, it is one that a court has discretion to consider when it finds a party willfully abuses the judicial process or otherwise conducted the litigation in bad faith. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016).

Accordingly, Plaintiff Andrew Thompson's [2] motion for leave to proceed *in forma pauperis* is DENIED and this case is DISMISSED WITH PREJUDICE for failure to state a claim and as malicious and intentionally abusing the judicial process. The Clerk is directed to enter judgment and close this case.

Entered November 3, 2026.

/s/ Michael M. Mihm
United States District Judge